Filed 5/1/23  P. v. Jefferson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B319884 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA085639) |
| v. | |
| OMAR MALIK JEFFERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin Filer, Judge.  Affirmed.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

In 2006, defendant was the driver in a gang-related drive-by shooting. He and his two codefendants murdered one person and attempted to murder two others. In 2008, all three were convicted of first-degree murder (based on intent to kill) and two counts of premeditated attempted murder. Defendant was sentenced to prison for 77 years to life. In 2009, his conviction was affirmed on appeal. (*People v. Jefferson* (Dec. 11 2009, B208908) [nonpub. opn.].)

In 2018, Senate Bill No. 1437 invalidated the natural and probable consequences doctrine as it relates to murder, and narrowed liability for felony murder. (Pen. Code, § 189, subd. (e).)[1] It also enacted section 1170.95 (now 1172.6), which provides means by which a defendant convicted of murder under prior law could seek resentencing under the new version of the law.

In 2019, defendant filed a form petition for resentencing under section 1170.95. The trial court summarily denied the petition. In 2021, we affirmed the denial, on the basis that defendant was ineligible for relief as a matter of law. (*People v. Jefferson* (June 2, 2021, B304681) [nonpub. opn.] (*1170.95 Appeal*).) Specifically, we observed that defendant's jury was not instructed on natural and probable consequences or felony murder. (*Id.* at pp. 2, 5-6.)

In February 2022, defendant filed a second petition. The trial court summarily denied the petition, concluding that – even though intervening changes expanded the scope of relief to

---

[1]     All further undesignated statutory references are to the Penal Code.

attempted murder – defendant remained ineligible as a matter of law. Defendant filed the present appeal.

Defendant's counsel filed a brief indicating he could find no arguable issues to raise on appeal and requesting this court to (1) inform defendant of his right to file a supplemental brief; and (2) exercise our discretion to conduct an independent review of the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

After receiving notice of the filing of counsel's brief, defendant personally filed a brief raising a single issue. He relies on a recent amendment to section 1172.6, which extends relief to any case in which "malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).) Defendant argues that he is eligible for relief because he "was indeed convicted of murder with malice." Defendant misconstrues the statutory language; it provides for relief only in cases of imputed malice. Here, no malice was imputed to defendant; the jury found defendant personally acted with malice.

We have independently reviewed the record and found no error.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


RUBIN, P. J.

WE CONCUR:


MOOR, J.                    KIM, J.